**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| NATIONAL COLLEGIATE RUGBY INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CASE NO. 1:25-cv-269 |
| V. | § | |
| | § | |
| JAMIE MCGREGOR, AND | § | |
| THE UNITED STATES OF AMERICA | § | |
| RUGBY FOOTBALL UNION LTD., | § | |
| D/B/A USA RUGBY, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT USA RUGBY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant The United States of America Rugby Football Union Ltd., d/b/a USA Rugby ("USAR"), and pursuant to Fed. R. Civ. P. 15(a)(1)(A) files this Original Answer to Plaintiff's, National Collegiate Rugby Inc. ("NCR"), Original Complaint, and in support thereof, USAR would show unto the Court the following:

## I.    INTRODUCTION

1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 1.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 2.

3.    Paragraph 3 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no response is required. USAR is without sufficient knowledge to admit or deny if Lord Acton made the quoted statement in 1887. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 9.

9(a).    USAR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 9(a).

9(b).    USAR denies that NCR is the successor corporation to the National Small College Rugby Association ("NSCRO"). USAR admits that it recognized the National Small College Rugby Association in 2012. USAR is without sufficient knowledge to admit or deny what NCR or NSCRO were modeled on. USAR denies that NCR is an independent college rugby organization. USAR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 9(b).

9(c).    USAR denies that NSCRO or NCR were amateur college rugby organization. USAR is without sufficient knowledge to admit or deny NSCRO's date of formation. USAR denies all other allegations contained in Paragraph 9(c).

9(d).    USAR admits that it is the national governing body for amateur rugby in the United States. USAR denies that it entered contractual agreements with NCR. USAR denies all other allegations contained in Paragraph 9(d).

9(e).    Paragraph 9(e) contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in March of 2020. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 9(e).

9(f).    Paragraph 9(f) contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in March of 2020. To the extent it is necessary, USAR is without sufficient information to admit or deny the remaining allegations contained in Paragraph 9(f).

9(g).    Paragraph 9(g) contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in March of 2020. USAR admits that prior to its bankruptcy filing it advised NSCRO that it was paying other expenses first. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 9(g).

9(h).    Paragraph 9(h) contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in March of 2020. USAR admits that during its bankruptcy proceeding, NSCRO filing a claim for $197,000 from USAR. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 9(h).

9(i).    Paragraph 9(i) contains legal conclusions to which no response is required. USAR admits that it paid funds to NSCRO prior to March 2020. USAR admits that World Rugby is the global governing body for rugby. USAR admits that it receives some funding from World Rugby. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 9(i).

9(j).    USAR admits that USA Rugby filed for bankruptcy in March 2020. USAR denies that NSCRO operated independently or that it advised NSCRO to operate independently. USAR

admits that it recommended NCR obtain insurance. USAR denies that it recommended that NCR establish "its own" membership system.

9(k).   Admit.

9(l).   Admit.

9(m).   Paragraph 9(m) contains legal conclusions to which no response is required.

## II.    JURISDICTION

10.    Paragraph 10 contains legal conclusions to which no response is required.

11.    USAR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11.

12.    Admit.

13.    Admit.

14.    Paragraph 14 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 14.

15.    Paragraph 15 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 15.

16.    Paragraph 16 contains legal conclusions to which no response is required. USAR admits that NCR's events are unsanctioned. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 16.

17.    Paragraph 17 contains legal conclusions to which no response is required.

18.    Paragraph 18 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 18.

19.    Paragraph 19 contains legal conclusions to which no response is required. USAR denies that NCR has any "auspices" in regards to college matches. USAR admits that NCR hold events in Texas. USAR is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19.

## III.    STATEMENT OF FACTS

20.    Paragraph 20 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 20.

21.    Paragraph 21 contains legal conclusions to which no response is required. USAR denies that NCR is an amateur college athletic association. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 21.

22.    Paragraph 22 contains legal conclusions to which no response is required. USAR admits that the Ted Stevens Act was passed in 1978 and revised in 1998. USAR admits that the United States Olympic and Paralympic Committee ("USOPC") oversee amateur athletic governing bodies in the United States.

23.    Paragraph 23 contains legal conclusions to which no response is required. USAR admits that it is the designated national governing body ("NGB") over amateur rugby in the United States. USAR admits that rugby has been recognized as an Olympic sport since the Brazil Olympic Games in 2016.

24.    Paragraph 24 contains legal conclusions to which no response is required. USAR admits that it is the national governing body for amateur rugby in the United States. USAR admits that part of its authority is over international amateur athletic activities and competitions. To the extent it is necessary, USAR denies any remaining allegations contained in Paragraph 24.

25.    Paragraph 25 contains legal conclusion to which no response is required. To the extent it is necessary, USAR denies any other allegations contained in Paragraph 25.

26.    Paragraph 26 contains legal conclusions to which no response is required. USAR admits that it has sanctioning authority over all amateur rugby competitions. USAR denies all other claims contained in Paragraph 26.

27.    Paragraph 27 contains legal conclusions to which no response is required.

28.    Paragraph 28 contains legal conclusions to which no response is required.

29.    Paragraph 29 contains legal conclusions to which no response is required. USAR admits that statements made by Jamie McGregor are made in his role as an employee of USAR. USAR admits that NCR events are not sanctioned. To the extent it is necessary, USAR denies any other allegations contained in Paragraph 29.

30.    Paragraph 30 contains legal conclusions to which no response is required. USAR admits that statements made by Jamie McGregor are made in his role as an employee of USAR. USAR admits that NCR events are not sanctioned. To the extent it is necessary, USAR denies any other allegations contained in Paragraph 30.

31.    Paragraph 31 contains legal conclusions to which no response is required. USAR admits that a mediation occurred in Washington DC in October 2021. USAR admits that NCR sent it a cease and desist letter in June 2023. To the extent necessary, USAR denies all other allegations contained in Paragraph 31.

32.    Paragraph 32 contains legal conclusions to which no response is required. To the extent necessary, USAR denies all other allegations contained in Paragraph 32.

33.    Paragraph 33 contains legal conclusions to which no response is required. USAR admits that it is the national governing body for amateur rugby in the United States. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 33.

34.    Paragraph 34 contains legal conclusions to which no response is required. USAR admits that it has authority over international amateur rugby matches, championships, and tournaments. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 34.

35.    Paragraph 35 contains legal conclusions to which no response is required. USAR admits that it determines who is eligible to officiate or play in its matches. USAR denies all other allegations contained in Paragraph 35.

36.    USAR admits that some rugby referees are members of local and/or national referee organizations. USAR admits that there are multiple referee organizations. USAR admits that its referees are required to receive training to the World Rugby standards. USAR admits that it is the national governing body for rugby in the United States. USAR denies that NCR is a recognized amateur athletic organization. USAR denies that it recognizes the "training" NCR allegedly provides to rugby referees.

37.    Paragraph 37 contains legal conclusions to which no response is required. USAR admits that World Rugby recognizes USAR's authority over all amateur rugby in the United States, including USAR's authority to sanction matches and championships. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 37.

38.    USAR admits that World Rugby is the international governing body for rugby. USAR admits that World Rugby dates back to 1886. USAR admits that it is the national governing body for amateur rugby in the United States and is a member of World Rugby.

43.[1]    Paragraph 43 contains legal conclusions to which no response is required. To the extent necessary, USAR denies all other allegations contained in Paragraph 43.

39.    Paragraph 39 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 39.

40.    Paragraph 40 contains legal conclusions to which no response is required. USAR admits that it is a member of World Rugby. USAR admits that it follows World Rugby's policies. USAR denies all other allegations contained in Paragraph 40.

41.    Paragraph 41 contains legal conclusions to which no response is required. USAR admits that it follows World Rugby's policies and rules. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 41.

42.    Paragraph 42 contains legal conclusions to which no response is required. USAR admits that NCR sent it a cease and desist letter on or around June 12, 2023. USAR admits that USAR responded to NCR's cease and desist letter. To the extent necessary, USAR denies all other allegations contained in Paragraph 42.

43.    Paragraph 43 contains legal conclusions to which no response is required. USAR admits that it declared bankruptcy in March of 2020. USAR denies all other allegations contained in Paragraph 43.

44.    Paragraph 44 contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in 2020. USAR admits that it revised its bylaws in March 2020. USAR admits that it has a College Council. USAR admits that it has Community Agreements with community councils, which include Terms of Reference. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 44.

---

[1] *Sic.*

45.    Paragraph 45 contains legal conclusions to which no response is required. USAR admits that USA Rugby was in bankruptcy proceedings from March through September 2020. USAR denies that it advised NCR to establish its own membership system. USAR denies that NCR has independent status. USAR is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45.

46.    USAR admits that it did not calculate projected revenue from NCR in its 2020 bankruptcy proceeding.

47.    Paragraph 47 contains legal conclusions to which no response is required. USAR admits that during its bankruptcy World Rugby became a creditor to it. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 47.

48.    USAR admits that it suffered reduced revenues due to the Covid-19 Pandemic. USAR denies all other allegations contained in Paragraph 48.

49.    Paragraph 49 contains legal conclusions to which no response is required. USAR admits that its debts were discharged in its 2020 bankruptcy proceeding.

50.    Paragraph 50 contains legal conclusions to which no response is required. USAR admits that it has a continuing organizational goal to increase income and membership. USAR admits that NCR has teams and players. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 50.

51.    Paragraph 51 contains legal conclusions to which no response is required. USAR admits that it has a continuing organizational goal to increase income and membership. USAR admits that the College Rugby Championship is an unsanctioned rugby tournament run by NCR. USAR admits that some NCR events are streamed. USAR denies that NCR has "high profile"

events. USAR is without sufficient information to admit or deny as to other details of how NCR conducts its unsanctioned games. USAR denies all other allegations contained in Paragraph 51.

52.    Paragraph 52 contains legal conclusions to which no response is required. USAR admits that it represents all amateur rugby in the United States, especially U.S. colleges. USAR admits that the College Council has representatives from the NIRA and CRAA, which are a part of USAR Rugby. USAR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 52.

53.    USAR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 53.

54.    Paragraph 54 contains legal conclusions to which no response is required. USAR admits that has a continuing organizational goal to increase income and membership. USAR admits that it is a co-host of the 2031 Rugby World Cup. USAR is without sufficient information to admit or deny the remaining allegations contained in Paragraph 54.

55.    Paragraph 55 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 55.

56.    Paragraph 56 contains legal conclusions to which no response is required. USAR admits that NCR and its events are unsanctioned. USAR admits that it has confirmed that NCR's operations are unsanctioned to Rugby Canada, World Rugby and other. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 56.

57.    Paragraph 57 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 57.

58.    Paragraph 58 contains legal conclusions to which no response is required. USAR admits that it filed for bankruptcy in 2020. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 58.

59.    Paragraph 59 contains legal conclusions to which no response is required. USAR admits that it attempted a mediation with NCR in Washington D.C. on October 24, and that the named persons were in attendance. USAR denies all other allegations contained in Paragraph 59.

60.    Paragraph 60 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 60.

61.    USAR denies the allegations contained in Paragraph 61.

62.    Paragraph 62 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 62.

63.    Paragraph 63 contains legal conclusions to which no response is required. USAR admits that NCR's matches and operations are unsanctioned. USAR is without sufficient knowledge to admit or deny as to how many independent contractors declined to referee for NCR's unsanctioned events. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 63.

64.    Paragraph 64 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 64.

65.    Paragraph 65 contains legal conclusions to which no response is required. USAR admits that at all times McGregor operated as its employee and/or agent. USAR denies all other allegations contained in Paragraph 65.

66.    Paragraph 66 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 66.

67.     Paragraph 67 contains legal conclusions to which no response is required. USAR admits that at all times McGregor operated as an employee and/or agent of USAR. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 67.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 68.

69.     Paragraph 69 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 69.

## IV.    LEGAL CLAIMS

70.     Paragraph 70 contains no allegations or claims to respond to.

71.     Paragraph 71 contains legal conclusions to which no response is required.

72.     Paragraph 72 contains legal conclusions to which no response in required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 72.

72(a).   Paragraph 72(a) contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 72(a).

73.     Paragraph 73 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 74.

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 75.

80.[2]    Paragraph 80 contains legal conclusions to which no response is required. USAR admits it has authority over international amateur rugby competitions. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 80.

76.    Paragraph 76 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 76.

77.    Paragraph 77 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 77.

78.    Paragraph 78 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 78.

79.    Paragraph 79 contains legal conclusions to which no response is required. USAR admits that the Ted Stevens Act was revised in 1998. USAR admits that USAR is the recognized national governing body for amateur rugby in the United States under the Ted Stevens Act. To the extent it is necessary, USAR denies the remaining allegations contained in Paragraph 79.

80.    Paragraph 80 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 80.

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 81.

82.    Paragraph 82 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in paragraph 81.

88.[3]    Paragraph 88 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 88.

---

[2] *Sic.*
[3] *Sic.*

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required.

86.     Paragraph 86 contains legal conclusions to which no response is required. USAR admits that NCR runs its own domestic events.

87.     Paragraph 87 contains legal conclusions to which no response is required. USAR admits that NCR has not paid its required event fees to USAR. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no response is required. USAR admits that NCR has repeatedly failed to pay the required event fees to USAR. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required.

90.     Paragraph 90 contains legal conclusions to which no response is required. USAR admits that it is the entity with authority to determine the eligibility of officiants and players in international amateur rugby competitions for the United States. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 90.

91.     Paragraph 91 contains legal conclusions to which no response is required. USAR admits that NCR events are unsanctioned. USAR denies all other allegations contained in Paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required.

94.     Paragraph 94 contains legal conclusions to which no response is required.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. USAR admits that it has detailed dispute resolution policies and procedures.

97.     Paragraph 97 contains legal conclusions to which no response is required. USAR admits that Justin Hale and Chris Micheletti never requested a hearing from USAR. USAR denies all other allegations contained in Paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no response is required. USAR admits that NCR events are not sanctioned. USAR admits that NCR does not have jurisdiction over its events. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 98.

99.     Paragraph 99 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 99.

106.[4]   Paragraph 106 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 106.

100.    Paragraph 100 contains legal conclusions to which no response is required.

101.    Paragraph 101 contains legal conclusions to which no response is required. USAR admits that it has grievance dispute resolution procedures. USAR denies all other allegations contained in Paragraph 101.

---

[4] *Sic.*

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required. USAR admits that it has dispute resolution procedures. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required. USAR admits that NCR was involved in a Washington D.C. mediation. USAR denies that NCR has engaged in USAR's dispute resolution procedures. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required.

106.    Paragraph 106 contains legal conclusions to which no response is required.

107.    Paragraph 107 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 108.

109.    Paragraph 109 contains legal conclusions to which no response is required.

110.    Paragraph 110 contains legal conclusions to which no response is required.

118.[5]    Paragraph 118 contains legal conclusions to which no response is required.

111.    Paragraph 111 contains legal conclusions to which no response is required. USAR admits that it is the national governing body for amateur rugby in the United States. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no response is required.

---

[5] *Sic.*

113.    Paragraph 113 contains legal conclusions to which no response is required.

114.    Paragraph 114 contains legal conclusions to which no response is required.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent it is necessary,  USAR denies all other allegations contained in Paragraph 115.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 116.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent is necessary, USAR denies all other allegations contained in Paragraph 117.

118.    Paragraph 118 contains legal conclusions to which no response is required. USAR admits that it has authority and jurisdiction over domestic college amateur rugby competitions for the United States. USAR is without sufficient information to admit or deny as to what agreements NCR claimed to be able to enter into. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 118.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations to contained in Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required. USAR admits that NCR's events, including its "championships," are unsanctioned. USAR admits that it

is the national governing body for amateur rugby in the United States. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 123.

124.    Paragraph 124 contains legal conclusions to which no response is required. USAR is without sufficient knowledge to admit or deny as to the contents of an unspecified edition of the Cambridge Dictionary. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 124.

125.    Paragraph 125 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 125.

126.    Paragraph 126 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 126.

127.    Paragraph 127 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 127.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 128.

129.    Paragraph 129 contains legal conclusions to which no response is required. USAR admits that any statements made by Jamie McGregor to referee and rugby organizations since 2021 were made in McGregor's capacity as an agent and/or employee of USAR. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 129.

130.    Paragraph 130 contains legal conclusions to which no response is required. USAR admits that it participated in a mediation in Washington D.C. with NCR. USAR admits that NCR sent it what it called a cease and desist letter. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 130.

131.    Paragraph 131 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 131.

132.    Paragraph 132 contains legal conclusions to which no response is required. USAR denies all other allegations contained in Paragraph 132.

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 135.

136.    Paragraph 136 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 136.

137.    Paragraph 137 contains legal conclusions to which no response is required.

138.    Paragraph 138 contains legal conclusions to which no response is required.

139.    Paragraph 139 contains legal conclusions to which no response is required.

140.    Paragraph 140 contains legal conclusions to which no response is required.

141.    Paragraph 141 contains legal conclusions to which no response is required. USAR is without sufficient knowledge to admit or deny as to NCR's failure to organize a Houston event in December 2024. USAR denies all other allegations contained in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent it is necessary, USAR denies all other allegations contained in Paragraph 142.

143.    Paragraph 143 contains legal conclusions to which no response is required. USAR is without sufficient knowledge to admit or deny what Rugby Cananda and Major League Rugby

said to Christopher Micheletti. USAR admits that NCR's events are unsanctioned. To the extent it

is necessary, USAR denies all other allegations contained in Paragraph 143.

144.    Paragraph 144 contains legal conclusions to which no response is required. USAR

admits that NCR sent a cease and desist letter to it. To the extent it is necessary, USAR denies all

other allegations contained in Paragraph 144.

145.    Paragraph 145 contains legal conclusions to which no response is required. To the

extent it is necessary, USAR denies all other allegations contained in Paragraph 145.

**V.    PRAYER FOR RELIEF**

146.    USAR denies all allegations contained in the Prayer section of Plaintiff's Original

Complaint.

## VI.    <u>AFFIRMATIVE DEFENSES</u>

147.    USAR states the following affirmative defenses to Plaintiff's Original Complaint

(and any supplements or amendments thereto), but it does not assume the burden of proof on any

such defenses, except as otherwise required by law. USAR reserves the right to assert additional

defenses and to otherwise supplement or amend this Answer. Each of these defenses are pled in

the alternative, as all liability is denied. USAR reserves the right to add additional affirmative

defenses should he become aware of such during the course of discovery.

140.    Plaintiff fails to state any claim, in whole or in part, upon which relief may be

granted.

141.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its

damages, if any.

143.    Plaintiff's claims under Texas State law are preempted under the TED STEVENS

ACT.

144.    Plaintiff's claims are barred because each and every act done or statement made by USAR, and its officers, employees, and agents, like McGregor, with reference to the matters at issue, were done within the scope of its discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

145.    USAR's alleged actions and/or inactions were not the proximate cause of Plaintiff's alleged damages.

146.    Plaintiff's purported claims for injunctive relief and/or declaratory relief are barred because it cannot show that it has suffered or will suffer any irreparable harm or future harm from USAR's alleged actions and/or inactions.

147.    Plaintiff's purported claims for equitable relief, including but not limited to claims for an injunction and/or declaratory relief, are barred because it has an adequate remedy at law, even though it is not entitled to any relief whatsoever.

148.    Pleading further, and in the alternative, and subject to the preceding paragraphs herein, without waiving the same, Plaintiff failed to allege conduct warranting the imposition of punitive or exemplary damages under Texas or federal law.

145.    Plaintiff lacks standing to bring the claims alleged in its Complaint.

145.    Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

146.    Plaintiff's claims are barred by the doctrine of unclean hands.

147.    Plaintiff's alleged damages are too speculative to be permitted.

## VII.  PRAYER

Subject to the foregoing, Defendant USA Rugby prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such further relief to which USAR may be entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
  Philip Robert Brinson
  State Bar No. 00787139
  Federal Bar No. 00787139
  TransWestern Tower
  1900 West Loop South, Suite 1000
  Houston, Texas 77027
  (713) 490-4834 – Telephone
  (713) 961-3938 – Facsimile
  prbrinson@grsm.com

**ATTORNEY FOR DEFENDANTS,**
**JAMIE MCGREGOR AND**
**USA RUGBY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notifications of such filing to counsel(s) of record.

*/s/ Philip Robert Brinson*
Philip Robert Brinson
