IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATIONAL COLLEGIATE RUGBY INC., § § § *Plaintiff*, § § V. § § JAMIE MCGREGOR, AND THE UNITED § STATES OF AMERICA RUGBY FOOTBALL § UNION LTD., D/B/A USA RUGBY § § *Defendants.* § | CASE NO. 1:25-cv-00269-RP |

### DEFENDANTS JAMIE MCGREGOR'S AND USA RUGBY'S MOTION TO STAY AND COMPEL ARBITRATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, JAMIE MCGREGOR ("McGregor") and USA RUGBY ("USAR") (collectively the "Defendants"), who files this Motion to Stay and Compel Arbitration (the "Motion"), and under FED. R. CIV. P. 42 would respectfully show unto this Court the following:

### INTRODUCTION

1. While Plaintiff National Collegiate Rugby, Inc. ("NCR") attempts to couch it in multiple different claims split between Defendants, in actuality the whole of NCR's case is its misguided contention that USAR as the National Governing Body ("NGB") for amateur rugby in the United States, was acting beyond the scope of its authority established under the TED STEVENS ACT.[1] However, the TED STEVENS ACT creates no private right of action for NCR to bring its claims before this Court, but instead requires NCR to submit any grievances it might have to arbitration.

---

[1] 36 U.S.C.A. § 220521-220530a

**ARGUMENTS AND AUTHORITIES**

2. NCR's Original Complaint (the "Complaint") brings four claims against Defendants: (1) USAR exceeded its authority over NCR under the TED STEVENS ACT;[2] (2) USAR's misstatements about its authority under the TED STEVENS ACT impacted NCR's business;[3] (3) Defendants failed to explain NCR's power and authority under the TED STEVENS ACT to others;[4] and (4) USAR made false statements about NCR's jurisdiction under the Ted Stevens Act.[5] As is clear even from NCR's own pleadings, the core of its case is a disagreement over the interpretation and application of the TED STEVENS ACT. None of NCR's claims can be resolved without addressing that question, and even NCR acknowledges this fact.[6]

**A.  The TED STEVENS ACT Requires Arbitration of Disputes.**

3. USAR is the national governing body for amateur rugby under the terms of the TED STEVENS ACT. *See* 36 U.S.C.A. § 220501(b)(9) ("'national governing body' means an amateur sports organization, a high-performance management organization, a high-performance management organization, or a paralympic sports organization that is certified by the [United States Olympic and Paralympic Committee] under section 220521.") NCR acknowledges USAR's designation as NGB.[7] There is no dispute that NCR is an amateur sports organization.[8]

4. The TED STEVENS ACT provides explicit and detailed processes for resolving disputes with an NGB if it is believed they are operating beyond the scope of the ACT's authority. § 220527(a) of the ACT establishes that,

---

[2] *See* Doc. 1, ¶ 76.
[3] *Id*. at ¶ 118.
[4] *Id*. at ¶ 127-28
[5] *Id*. at ¶ 142.
[6] *Id*. at ¶ 10. ("the needed judicial interpretation of the scope and authority of USA Rugby over NCR, its' [*sic.*] members and its referee contractors under the TED STEVEN OLYMPIC AND AMATEUR SPORTS ACT".) (emphasis added).
[7] *Id*. at ¶ 23. ("[p]ursuant to the terms of the Ted Stevens Act, USA Rugby was designated the national governing body ("NGB") over "international" amateur rugby">)
[8] *Id*. at ¶ 21. ("NCR, as an amateur college athletic association".)

> An amateur sports organization or person that belongs to or is eligible to a national governing body may seek to compel the national governing body to comply with sections 220522, 220524, and 220525 of this title by filing a written complaint with the [United States Olympic and Paralympic Committee]. A copy of the complaint shall be served on the national governing body.

The rest of Section 220527 details the hearings and possible dispositions that can result from such a complaint.

5. This process does not limit or deprive a party aggrieved with an NGB like USAR of full due process, as the TED STEVENS ACT even provides a mechanism for judicial review of any determination made by a Section 220527 hearing. Under Section 220529(a)

> A party aggrieved by a determination of the corporation under section 220527 or 220528 of this title may obtain review by the arbitration and mediation provider designation by the corporation under section 220522(a)(4).

An arbitration under Section 220529 can be a final resolution to any TED STEVENS ACT dispute between an NGB and another party because "[f]inal decision of the arbitrators is binding on the parties if the award is not inconsistent with the constitution and bylaws of the corporation." 36 U.S.C.A. § 220529(d).

6. Accordingly, the TED STEVENS ACT provides a full and robust judicial proceeding for NCR's claims, and requiring them to comply with the law and submit their claims to arbitration is no deprivation of rights.

### B. The TED STEVENS ACT Gives No Private Right of Action for NCR's Claims

7. In its Original Complaint,[9] to the best it can be understood to make any actual claims at law, is that USAR has exercised too much authority over amateur rugby competitions in the US,[10] and that USAR has misstated its authority over amateur rugby under the TED STEVENS

---

[9] Doc. 1.
[10] *Id*. at ¶ 71-106.

ACT.[11] Neither of these create independent claims under law separate from the TED STEVENS ACT.

8. It has been federal law for nearly 40 years that NGBs are immune from claims brought against the control they exercise over their amateur sport. In the 1989 case *Behagen v. Amateur Basketball Ass'n of U.S.*, the Tenth Circuit reviewed claims against the NGB for amateur basketball in the US for having unfair eligibility rules and appeals procedures, and as a result tortiously interfering with sporting contracts, which are essentially the claims brought by NCR, and which the *Behagen* court ruled was essentially an anti-trust claim against the NGB. In its decision, the Tenth Circuit wrote that, "[a]lthough an NGB is a private actor, **the monolithic control exerted by an NGB over its amateur sport is a direct result of the congressional intent** expressed in the [TED STEVENS ACT]." 884 F.2d 524, 528 (10th Cir. 1989) (emphasis added). The *Behagen* court ruled that, "[a]lthough the [TED STEVENS ACT] does not contain an explicit statement exempting action taken under its direction from the federal antitrust laws […] [NGBs] could not be authorized under the ACT unless it maintained exactly over its sport […] and therefore are exempt from the federal antitrust laws." *Id.* at 529-30.

9. The Tenth Circuit further noted in *Behagen* that the statutory grant of monolithic control and antitrust immunity to NGBs under the TED STEVENS ACT is not overbroad or preclusive of review and, if needed, correction, because,

> The ACT provides for ongoing review of the NGB by the USOC in order to ensure compliance with the ACT. **In the event that an NGB is alleged to be not in compliance, the ACT provides for a hearing mechanism by which certain persons or organizations can seek to compel an NGB to comply with the requirements of the ACT**, and for penalties of probation, revocation of recognition, or replacement of the NGB if the USOC finds that the NGB is not complying adequately with the statutory requirements.

*Id.* at 528 (emphasis added).

---

[11] Doc. 1, ¶ 116-145.

10.     It is clear from the above that if a party wants to dispute whether an NGB, like USAR, is in compliance with the TED STEVENS ACT, this does not give them standing before a federal court, and they are instead required to submit this issue to the arbitration proceedings specified in the ACT. NCR explicitly states in its Original Complaint that, "NCR's threshold issue for the court's declaratory and injunctive relief request concerns the interpretation, application, and violations of certain provisions of the TED STEVENS ACT."[12] NCR has subsequently claimed in its motions to this court that, in its simplest form, its lawsuit arises "from USAR Rugby's intentional abuse of its limited authority under the [TED STEVENS ACT]."[13]

11.     The *Behagen* decision was subsequently adopted by the Fifth Circuit Court of Appeals. *See Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*, 213 F.3d 198, 204 (5th Cir. 2000) ("this Court believes *Behagen* was correctly decided").

12.     By NCR's own pleadings, its case is a challenge to whether USAR is in compliance with its role and responsibilities under the TED STEVENS ACT, which is exactly the kind of claim *Behagen* directs to be sent for the required arbitration procedure set by the ACT.

### C.     Arbitration is a Prerequisite for Bringing this Suit

13.     The TED STEVENS ACT is explicit in its intent to empower and designate the USOC responsible "to provide swift resolution of conflicts and dispute involving amateur athletes, national governing bodies, and amateur sports organizations". 36 U.S.C. § 220503(8). In fact, it is recognized that the TED STEVENS ACT, "provides an internal mechanism – which includes a possible appeal through arbitration – within the United States Olympic Committee ("USOC") and its national governing bodies […] as the **exclusive** methods to resolve disputes arising under the Amateur Sports Act." *Bennett v. USA Water Polo, Inc.*, 2009 WL 1089480, at *2 (S.D. Fla. Apr.

---

[12] Doc. 1, ¶ 71.
[13] Doc. 18, pg. 2.

21, 2009) (citations omitted) (emphasis added).

14. Applying this, circuit courts have directed that extraordinary circumstances must exist for a court to involve itself in a TED STEVENS ACT dispute like this one. In *Slaney v. The Int'l Amateur Athletic Fed'n*, the Sevent Circuit ruled that, "[i]ntervention is appropriate only in the most extraordinary circumstances, where the association has clearly breached its own rules, that breach will imminently result in *serious* and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies." 244 F.3d 580, 595 (7th Cir. 2001) (emphasis in the original) (quoting *Harding v. United States Figure Skating Ass'n*, 851 F.Supp. 1476, 1479 (D. Or. 1994) *vacated on other grounds*, 879 F.Supp. 1053 (D. Or. 1995). Specifically, "federal cases which have considered the matter shows that they have uniformly held that the [TED STEVENS] ACT creates no private rights of action and that **an exhaustion of the administrative remedies is a condition precedent to any legal action**." *Dolan v. U.S. Equestrian Team, Inc.*, 608 A.2d 434, 437 (N.J. App. Div. 1992) (citations omitted).

15. NCR makes no claim that it has satisfied the specific, statutorily required arbitration requirements as a precondition to filing this suit under the TED STEVENS ACT.[14] In fact, NCR explicitly acknowledges that it has ignored the ACT's arbitration requirement, and alleged that its other non-specific attempts at dispute resolution "met or exceeded the resolution requirements **under USA Rugby's procedures**".[15] However, NCR's legal obligation to arbitrate its disagreements before filing suit arise under the TED STEVENS ACT, not under USAR policy, and there is no provision in the ACT that provides for a party to pursue its own preferred method of dispute resolution as "close enough." Therefore, NCR has failed to meet is obligation to show this court that it has attempted to resolve its claims through the TED STEVENS ACT – mandated

---

[14] *See* Doc. 1.
[15] *Id*. at ¶ 104.

arbitration procedures prior to filing this suit.

## **CONCLUSION AND PRAYER**

Based on the foregoing, the Court should dismiss Plaintiff NCR's claims against USA Rugby and its employee Jamie McGregor for failure to exhaust its statutorily mandated alternative dispute resolution procedures, order NCR to submit its claims to arbitration pursuant to 36 U.S.C.A. § 220529, and grant Defendants USAR and McGregor such other and further relief as to which he might be entitled to at law or equity.

Date: May 28, 2025                                   Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
    Philip Robert Brinson
    State Bar No. 00787139
    TransWestern Tower
    1900 West Loop South, Suite 1000
    Houston, Texas 77027
    (713) 961-3366
    prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,
JAMIE MCGREGOR, AND USA RUGBY**

## **CERTIFICATE OF SERVICE**

I certify that on May 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notifications of such filing to counsel(s) of record.

*/s/ Philip Robert Brinson*
Philip Robert Brinson