IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **NATIONAL COLLEGIATE RUGBY INC.,** | § § |
| **Plaintiff,** | § |
| V. | § |
| | §    A-25-CV-269-RP |
| **JAMIE MCGREGOR** *INDIVIDUALLY AND AS DIRECTOR OF TRAINING & EDUCATION FOR USA RUGBY AND* **UNITED STATES OF AMERICA RUGBY FOOTBALL UNION, LTD** *DOING BUSINESS AS USA RUGBY*, | § § § § § § § |
| **Defendants.** | § |

## ORDER

Plaintiff, National Collegiate Rugby Inc.'s ("NCR") Motion to Consolidate and Memorandum Of Law (Dkt. 4) is before the court.[1] Having considered the motions, the briefing, the pleadings on file, and the applicable law, the court **DENIES** the motion.

The court has three suits brought against Jamie McGregor and USA Rugby: *Justin X. Hale v. Jamie McGregor & USA Rugby*, 1:24-CV-1076-RP; *Christopher Chopra Micheletti v. Jamie McGregor & USA Rugby*, 1:25-CV-245-RP; and *National Collegiate Rugby Inc. v. Jamie McGregor & USA Rugby*, 1:25-CV-269-RP. Micheletti and National Collegiate Rugby have both moved to consolidate their cases into Hale's. McGregor and USA Rugby oppose consolidation. All three cases are still in their early stages.

Under FED. R. CIV. P. 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may […] consolidate the actions." (emphasis added). When deciding

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for disposition pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated April 9, 2025.

whether consolidation is appropriate under Rule 42(a)(2), courts consider whether "(1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk of inconsistent adjudication of factual and legal issues, if the cases are handled separately, outweighs the risk of prejudice or confusion; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages or preparation." *Lee v. Samsung Elecs. Am., Inc.*, 2023 WL 2328442, at *3 (S.D. Tex. Feb. 3, 2023).

Hale and Micheletti are both rugby referees who claim McGregor and USA Rugby have discriminated and retaliated against them because they have officiated rugby matches organized by NCR. Hale and Micheletti allege McGregor and USA Rugby have interfered with their ability to referee matches organized by USA Rugby. NCR's claims are based on the allegation that McGregor and USA Rugby overstepped their authority under the Ted Stevens Olympic and Amateur Sports Act (the "Act"), 36 U.S.C. § 220501, et seq., to assert that NCR's matches are "unsanctioned" under the Act.

NCR purports to assert a claim against Defendants for violations of the Ted Stevens Act. Meanwhile, to avoid Defendants' preemption arguments, Hale and Micheletti both disclaim that their claims are brought under the Act. Defendants argue the cases do not share enough in common to warrant consolidation. Defendants also contend consolidation would prejudice them.

Although all three cases are in their early stages, this case is rapidly diverging from *Hale* and *Micheletti*. *Hale* and *Micheletti* both have pending motions to dismiss. Meanwhile, in this case, NCR has moved for a partial summary judgment on a legal issue, and Defendants have moved to compel arbitration under the Act.

Accordingly, the court **DENIES WITHOUT PREJUDICE** NCR's motion for consolidation. The motion may be re-urged after resolution of the pending motion for summary judgment and motion to compel arbitration.

SIGNED June 24, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE