IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL COLLEGIATE RUGBY INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-269-RP |
| JAMIE MCGREGOR, *individually and as Director of Training & Education for USA Rugby*, and UNITED STATES OF AMERICA RUGBY FOOTBALL UNION, LTD., *doing business as* USA Rugby, | § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Mark Lane concerning Plaintiff National Collegiate Rugby's ("Plaintiff") Motion for Partial Summary Judgment, (Dkt. 21), and Defendants Jamie McGregor and USA Rugby's Motion to Stay and Compel Arbitration, (Dkt. 23). (R. & R., Dkt. 27). Plaintiff timely filed objections to the report and recommendation, (Objs., Dkt. 28), Defendants filed a response, (Dkt. 29), and Plaintiff filed a reply, (Dkt. 32). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiff brings this case against Defendants USA Rugby Corporation ("USA Rugby") and Jamie McGregor ("McGregor"), the Director of Training and Education at USA Rugby (collectively, "Defendants"). (R. & R., Dkt. 27, at 1). Plaintiff is an independent college rugby organization that provides rugby related services, such as insurance and membership, and holds various tournaments and/or championships. (*Id.* at 2). NCR alleges that USA Rugby has experienced financial difficulties, including bankruptcy, and to alleviate its financial issues, USA Rugby sought to have Plaintiff's member teams and players join USA Rugby as full members so that it could collect dues from the

1

over 600 college teams and their thousands of players. (*Id.*). Defendants have allegedly interfered with Plaintiff's competitions and activities by making false and misleading statements that Plaintiff's events are "unsanctioned," threatening referees to dissuade them from officiating Plaintiff's matches, and demanding excessive sanctioning fees for Plaintiff's major events. (*Id.*). In its complaint, Plaintiff brings claims for violations of the Ted Stevens Act, 36 U.S.C. § 220501, *et seq.*, as well as tortious interference, defamation and fraud by omission, and the Texas Deceptive Trade Practices Act. (*Id.* at 3).

On May 27, 2025, Plaintiff brought a Motion for Partial Summary Judgment, requesting a declaratory judgment: (1) that the Act grants NCR exclusive sanctioning authority over its championships, (2) that the Act grants NCR exclusive eligibility authority over its championships, and (3) that NCR's state-law claims are not preempted by the Act. (Dkt. 21). On May 28, 2025, Defendants filed a Motion to Stay and Compel Arbitration. (Dkt. 23). By text order, the Court referred the motions to United States Magistrate Judge Mark Lane.

In his report and recommendation, the magistrate judge recommends *sua sponte* dismissing all of Plaintiff's claims. (R. & R., Dkt. 27, at 5–6). The magistrate judge found that Plaintiff's Ted Stevens Act claims should be dismissed because there is no private right of action under the Act. (*Id.* at 7). In addition, the magistrate judge found that the Ted Stevens Act "not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief for issues governed by the Act." (*Id.* at 5–6). As such, the magistrate judge found that the Act preempts Plaintiff's state-law claims for tortious interference, defamation and fraud by omission, and the Texas Deceptive Trade Practices Act. (*Id.* at 9–12). Though Defendants asked the Court to stay the case and order it be arbitrated, the magistrate judge concluded that the Court has no authority to do so because Plaintiff has no federal cause of action and its state claims are preempted. (*Id.* at 9). Accordingly, the magistrate judge recommended that the Court *sua sponte* dismiss the claims

2

with prejudice. (*Id.*). The magistrate judge declined to reach Plaintiff's Motion for Partial Summary Judgment. (*Id.*).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

The Court agrees with the magistrate judge that the Ted Stevens Act claim should be dismissed because there is no private right of action under the Act. The Court also agrees that the Act preempts Plaintiff's state-law claims and that those claims should be dismissed. Finally, the Court agrees that it is proper to dismiss Plaintiff's claims *sua sponte*. In fact, dismissal is mandatory. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("*Sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." (citing Fed. R. Civ. P. 12(h)(3)). Here, the magistrate judge determined that the Court does not have subject-matter jurisdiction over the claims because Plaintiff lacks a federal private cause of action, and its state-law claims are preempted. Accordingly, though Defendants did not request that the Court dismiss the case, the Court is obligated to do so.

However, dismissals for lack of subject-matter jurisdiction should be without prejudice. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("Our precedents also make clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction."). Because the magistrate judge recommended dismissal of the claims with prejudice, the Court now clarifies that the claims are dismissed without prejudice. Accordingly, for the reasons given in the report and recommendation, (R. & R., Dkt. 27), the Court adopts the report and recommendation as its own order, with the clarification that the claims are dismissed without prejudice.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 27), is **ADOPTED** in accordance with this order.

**IT IS FINALLY ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on September 11, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE